UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

NATIONAL WRECKING CORPORATION        *

    Plaintiff/Counter-Defendant,        *

v.                                                                    * Civil Action No.
                                                                1:07-cv-00404-LMB-TCB
TURNER CONSTRUCTION COMPANY        *

    Defendant/Counter-Plaintiff        *
\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**NATIONAL WRECKING CORP.'S
<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff/Counter-Defendant, National Wrecking Corp. ("NWC"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby requests Defendant/Counter-Plaintiff Turner Construction Company ("Defendant" or "TCCO" or "you" or "your") to produce all of the documents that are responsive to the requests below within thirty (30) days of the date of service of this request. Production shall take place at the offices of Quagliano & Seeger, P.C., 2620 P Street, N.W., Washington, D.C., 20007. In answering the First Request for Production of Documents, you shall be guided by the following instructions and definitions:

<u>INSTRUCTIONS</u>

1. You are required to furnish all documents in your possession, custody, or control, including those documents not merely in your custody but also those in the possession of your attorneys, agents, or other persons under your control.

2. This request for production of documents is continuing in nature and you shall promptly provide the undersigned with any document obtained or located subsequent to

**EXHIBIT 1**

production that would have been produced had it been available or its existence known at that time.

3. If any of the requested documents are no longer in your possession, custody, or control, you are requested to submit in lieu of each such document a written statement that (i) describes in detail the nature of the document and its contents, along with the number of pages; (ii) identifies the person who prepared and/or authorized the document and, if applicable, the person to whom the document was sent; (iii) specifies the date upon which the document was prepared or transmitted or both; (iv) specifies when the document was most recently in your possession, custody, or control; (v) specifies the disposition made of the document; (vi) specifies the identity of the person or entity currently in possession, custody, or control of such document; and, (vii) if the document is lost or destroyed, specifies, if possible, the date upon which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

4. If you contend that you are entitled to withhold from production the whole or any part of any document requested on the basis of attorney/client privilege, the work product doctrine, or other grounds, you are to provide a list with the following information for each document for which the privilege or immunity is claimed:

(i) <u>Principals</u>. The name and title of the author(s), sender(s), addressee(s), and recipient(s);

(ii) <u>Date</u>. The date the document was originated and received;

(iii) <u>Publications</u>. The name, title, and employer of each person to whom the contents of the document has been communicated (by copy, exhibition, reading, summarization, or otherwise) and the date of such communication;

(iv) <u>Descriptions</u>. A description of the nature and subject matter of the document, along with the number of pages; and,

(v) <u>Privilege</u>. A statement of the privilege and the basis upon which it is asserted.

Notwithstanding a claim that a document is privileged, any document so withheld must be produced with the portion claimed to be protected excised.

5. If you object or otherwise decline to produce any documents responsive to a document request, please provide all documents called for by that portion of the document request to which you do not object or to which you do not decline to produce. If you object to a document request on the ground that it is too broad (<u>i.e.</u>, that it calls both for documents that are relevant to the subject matter of the action and documents that are not), provide the documents that are relevant. If you object to a document request on the ground that to provide the requested documents would constitute an undue burden, provide all requested documents that can be supplied without undertaking an undue burden. For those portions of a production request to which you object or otherwise decline to produce, state the reason for such objection or declination.

6. All documents produced should be segregated and identified according to the numbered request to which they are responsive. Any document that is responsive to more than one request should be produced in the group of documents pertaining to the first request to which it is produced.

## DEFINITIONS

A. "And" shall include "or" and vice versa; the singular shall include the plural and vice versa.

B. "CCIP" shall mean the Contractor Controlled Insurance Program TCCO

3

maintains with Liberty Mutual Insurance Company covering losses and damages incurred at the Project.

C. The term "communication(s)" means, without limitation of its generality, letters, notes, memoranda, telefaxes, statements, discussions, meetings, negotiations, dealings, face to face conversations, telephone conversations, speeches, remarks, questions, answers, panel discussions, symposiums, or any other kind of transmittal of information, whether written or oral.

D. "Document" or "documents" is used in the broadest sense of the term and includes, but is not limited to, the original and any non-identical copy, regardless of origin or location, of any letter, correspondence, communication, electronic mail, memorandum, contract, draft contract, agreement, telegram, report, notebook journal, work sheet, ledger sheet, statement, confirmation slip, check, check stub, invoice, record, inventory, settlement check, pleadings (either in draft or final form), court filing, study, governmental report, plan, summary, handwritten note, diary, working paper, manual, brochure, pamphlet, advertisement, circular, schedule, agenda, minutes, drawing, map, appraisal, analysis, statistics, financial statements, forecast, projection, estimate, bulletin, notice, announcement, instruction, press release, written conference, interoffice and intraoffice communications, opinions or reports of consultants, charts, paper, graph, index, tape, disc, electronic recording, data sheet or data processing card, computer programs, data contained in computers, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, to which you have or had access. "Document" or "documents" shall further collectively include the original, duplicate original, and any or all copies or reproductions of the original document to the extent that any or all copies are different in any way from the original document, whether by interlineation, receipt

stamps, notation, indication of copies sent or received, or otherwise.

E. "Liberty" shall refer to Liberty Mutual Insurance Company, its predecessors and successors in interest, all former and present subsidiaries, divisions, parent corporations or other related corporate entities, its principals, employees, agents, assigns, or any other related person or entity acting at its direction.

F. "NWC" shall refer to National Wrecking Corp., its predecessors and successors in interest, all former and present subsidiaries, divisions, parent corporations or other related corporate entities, its principals, employees, agents, assigns, or any other related person or entity acting at its direction.

G. "Owner" shall mean National Rural Electric Cooperative Association, all former and present divisions, or branches, or other related agencies, its principals, employees, agents, assigns, or any other related person or entity acting in its direction.

H. "Person" shall mean a natural person, and a corporation, partnership, association, estate, trust, joint venture, business organization, or other entity recognized in law, and shall include the owners, directors, employees, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors, and successors of such "person."

I. "Prime Contract" shall mean the contract between TCCO and the Owner, under which TCCO agreed to provide construction services, to be performed at the Project in accordance with plans and specifications, the general and special conditions, and any subsequent modifications and/or change orders thereto.

J. "Project" shall mean the construction work performed at 4401 Wilson Boulevard, Arlington, Virginia on behalf of the Owner.

K.   A document "relating" or "referring" or which "relates" or "refers" to any given subject means any document that constitutes, defines, contains, embodies, reflects, identifies, states, refers to, deals with, or in any way pertains to that subject, including, without limitation, documents concerning the preparation of other documents.

L.   "Subcontract" shall mean the contract between TCCO and NWC, under which NWC agreed to perform excavation, earth retention and site work, to be performed at the Project in accordance with plans and specifications, the general and special conditions, and any subsequent modifications and/or change orders thereto.

M.   "TCCO" shall refer to Turner Construction Company, its predecessors and successors in interest, all former and present subsidiaries, divisions, parent corporations or other related corporate entities, its principals, employees, agents, assigns, or any other related person or entity acting in its direction.

N.   "You" or "your" shall include the party to whom this request for production of documents is addressed, its owners, agents, affiliates, officers, directors, predecessors, and persons acting on its behalf, including, but not limited to, its counsel.

## DOCUMENT REQUESTS

1.   All documents that refer or relate to the facts alleged in the Complaint, Counterclaim, and any other pleading filed in this matter, as the word "pleading" is defined in the Federal Rules of Civil Procedure.

2.   All documents and/or communications that you intend to rely on and/or use at the trial of this matter.

3.   All documents that you provided or received from any person whom you intend to call as a witness at trial.

6

4. All documents provided to, shown to, received from, or prepared by any person you retained or intend to retain as an expert and/or consultant including, but not limited to, fee arrangements, reports, and correspondence(s).

5. All documents that refer or relate to your contention NWC failed to meet its Subcontract obligations.

6. All documents that refer or relate to the liquidated damages asserted and/or assessed against TCCO by the Owner.

7. All documents that refer or relate to the damages incurred by TCCO that are the responsibility of NWC, including, but not limited to (a) additional direct and indirect costs incurred by TCCO due to delays and/or disruptions of NWC; (b) additional amounts obligated or paid to other subcontractors due to the delays of NWC; and, (c) additional costs and expenses obligated or paid by TCCO in order to complete work within the scope of the Sucbcontact.

8. All documents that refer or relate to your contention NWC failed to mitigate its damages.

9. All documents that refer or relate to your contention NWC's claims are not recoverable under the terms of the Subcontract.

10. All documents that refer or relate to your contention that NWC's claims are barred by the doctrines of set-off, recoupment, waiver, release, and accord and satisfaction.

11. All documents that refer or relate to the Prime Contract and/or Subcontract, including the identity of all contract documents, specifications, drawings, material requirements, general conditions, special conditions, plans, schedules, and other documents comprising the total scope of work, including change orders (approved, unapproved and pending), amendments, modifications, submittals, proposals, or any other extra work.

7

12. All documents that refer or relate to any changes, amendments and/or modifications to the Prime Contract proposed by Costello but not approved or accepted by the Owner.

13. All documents that relate or refer to the work performed by TCCO and/or NWC at the Project.

14. All reviews, analyses, responses or other evaluations performed by or for you that refer or relate to the work performed by TCCO and/or NWC at the Project.

15. All documents that relate to, describe, summarize, or memorialize any communication(s) between you and any other person regarding the work performed by TCCO and/or NWC at the Project.

16. All geotechnical and subsurface reports regarding the property on which the Project is situated, and any written correspondence relating thereto.

17. All documents that relate or refer to any permits procured for work performed at the Project, including each such permit.

18. All change orders, request for change orders, claims, demands, requests for equitable adjustments or related correspondence submitted to you by any subcontractor, supplier, materialman and/or the Owner.

19. All change orders, request for change orders, claims, demands, requests for equitable adjustments or related correspondence submitted by you to the Owner.

20. All documents that refer or relate to any backcharges, claims, and/or set-offs alleged by TCCO on account of the materials and/or labor furnished by any subcontractor, supplier, materialman and/or the Owner.

8

21. All documents that refer or relate to any backcharges, claims, and/or set-offs alleged by the Owner on account of the materials and/or labor furnished by TCCO.

22. All written and/or oral change order proposals, change orders, directives, claims, requests for time extension, notices to cure and/or notices of delay by and between TCCO, the Owner and/or any subcontractor, supplier, or materialman.

23. All documents that refer or relate to any insurance claims, whether submitted to TCCO, the Owner, and/or Liberty, or gathered by TCCO, in the ordinary course of business or in response to particular events or claims on CCIP.

24. All documents that refer or relate to any claim, notice of claim, property loss and/or business interruption loss that you submitted to Liberty under the CCIP, including, but not limited to, all notices, letters, memoranda, e-mails, voicemail messages, telefax transmissions and related correspondence, including a copy of the CCIP policy.

25. All documents constituting, or purporting to be, notices of claim(s), proof of claim(s), demands, and/or suits submitted to TCCO and/or Liberty on the CCIP.

26. All documents which refer or relate to and/or memorialize any investigation or review performed by or on behalf of TCCO regarding any and all notices of claim(s), proof of claim(s), demands, and/or suits submitted to TCCO and/or Liberty on the CCIP.

27. All documents shown to or generated by any consultant, expert, and/or other person retained by Liberty and/or TCCO, in connection with the CCIP, the Subcontract, the Prime Contract, and/or the Project including, but not limited to, fee arrangements, reports, and correspondence(s).

28. All documents which refer or relate to the any payments made by either Liberty or TCCO to any subcontractor, materialman, and/or supplier for any claim, notice of claim, property loss and/or business interruption loss included within TCCO's claim under the CCIP.

29. All documents that refer or relate to Liberty's underwriting of the CCIP and TCCO's application to AON and/or Liberty for the CCIP including, but not limited to, documents supplied to and/or reviewed by AON or Liberty that relate to Liberty's issuance of the CCIP.

30. All documents that refer or relate to any indemnification agreement between Liberty and TCCO and/or any other party as an indemnitor to Liberty on behalf of TCCO, and/or the Owner.

31. All documents that refer or relate to TCCO's preparation of its bid or proposal for the Prime Contract including but not limited to quantity take-offs, estimates for labor and materials, subcontractor and supplier proposals, pre-construction schedules, calculations for overhead, general and administrative expenses, and anticipated profit.

32. All correspondence or written documents by TCCO and any other party regarding any design discrepancies or errors on the Project

33. All schedules, schedule updates, look-ahead schedules, fragnets, time impact analyses, critical path analyses, impact analyses, and/or any other delay analyis by any other name prepared by or for TCCO for the Project and/or Prime Contract.

34. All reviews, analyses, responses or other evaluations performed by or for you of any schedules, schedule updates, fragnets, schedule analyses, critical path analyses, impact analyses, time impact analyses, or any other delay analyses.

10

35. All documents that refer or relate to any analyses, evaluations, and/or studies relating to the schedule of work on the Project.

36. All documents that refer or relate to TCCO's coordination of its work with the work to be performed by other subcontractors, suppliers and/or materialman on the Project

37. All requests for clarification, requests for information, and other correspondence or other written documents by and between TCCO, the Architect, the Owner, or any other party, regarding the drawings, shop drawings, plans and specifications that relate to TCCO's work at the Project.

38. All TCCO job cost reports or other accounting or cost information relating to the monies earned or expended on this Project

39. All applications and certificates for payment submitted by you to the Owner.

40. All documents evidencing the Owner's review and/or approval of invoices or applications for payment submitted by TCCO, including but not limited to all receipts, records, cancelled checks and/or other documents which evidence actual payment by the Owner to TCCO on invoices or applications for payment.

41. All applications and certificates for payment submitted by any subcontractor, supplier, or materialman to you, including monthly applications for payment, request for change orders, invoices and related correspondence.

42. All documents evidencing your review and/or approval of invoices or applications for payment submitted by any subcontractor, supplier, or materialman, including but not limited to all receipts, records, cancelled checks and/or other documents which evidence actual payment by you to any subcontractor, supplier, or materialman on invoices, request for change orders or applications for payment.

11

43. All documents that relate to any payment tendered by you to any person, corporation or entity for labor and/or materials furnished at the Project for which you contend NWC is liable, including all cancelled checks, payroll records, invoices, contracts, delivery tickets, and/or work tickets.

44. Copies of all minutes of meetings attended by, or on behalf of, TCCO regarding construction of the Project.

45. All daily inspection or progress reports regarding construction on the Project.

46. All daily diaries, time sheets, certified payroll, payroll records, daily reports, calendars, phone logs, electronic mail, and/or other documents maintained by TCCO personnel having responsibilities that relate to the Project, the performance of TCCO, and/or the CCIP.

47. All photographs, drawings, video recordings, or other pictorial records created by or for TCCO that relate to the Project

48. All documents that TCCO provided Liberty as a result of this lawsuit or the claim submitted by TCCO and/or NWC on the CCIP.

49. All documents by and between Liberty, TCCO, and/or any other person that refers or relates the Project and/or CCIP including, but not limited to drawings, photographs, and/or videotapes

50. All documents relied on, referenced and/or referred to in your answers to NWC's First Set of Interrogatories.

Dated: June 13, 2007

Respectfully submitted,

**NATIONAL WRECKING CORP.**
By Counsel:

_____
Seth A. Robbins, VSB # 45807

Joseph L. Katz
QUAGLIANO & SEEGER, P.C.
2620 P Street, NW
Washington, DC 20007
Tel. (202) 822-8838
Fax. (202) 822-6982
e-mail: Robbins@quagseeg.com
**Counsel for Plaintiff/Counter-Defendant**
**National Wrecking Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing First Request for Production of Documents was served by first class mail on June 13, 2007, to:

> Jeffrey Mitchell Hummel, Esq.
> Richard M. Preston, Esq.
> SEYFARTH SHAW
> 815 Connecticut Ave NW – Suite 500
> Washington, DC 20006
> Phone: (202) 463-2400
> Fax: (202) 828-5393
> E-mail: jhummel@seyfarth.com
> **Counsel for Defendant/Counter-Plaintiff**
> **Turner Construction Company**

_____
Seth A. Robbins

13