**EXHIBIT A**



1120 Connecticut Ave, N.W. ■ Suite 1210
Washington, D.C. 20036
Tel: 202.828.9005 ■ Fax: 202.296.6294
www.capitalconstructionconsultants.com

17 Sept. 2007

Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006

Attn: Mr. Jeffrey M. Hummel

Re:   Turner/NWC

Dear Mr. Hummel,

In response to your request, I have reviewed the 3 Sept. 2007 Beers Construction Consultants, Inc. Rebuttal Report (Beers Rebuttal) to my 10 August. 2007 report (the Lockhart Report). The Beers Rebuttal is flawed on many levels. Beers makes numerous incorrect statements regarding the methodology, content and conclusions of the Lockhart report. Examples, but not all, of the errors within the Beers Rebuttal are provided below.

Page 3, First paragraph –

Mr. Beers starts the paragraph with a statement that "Implicit in the schedule analysis is the assumption…" and then goes on to assume that we improperly limited our analysis to a simple comparison of dates. This statement is incorrect, as I considered all relevant information in performing our critical path analysis. Had the Beers allegation been true, the Lockhart Report would have found NWC responsible for far more days of delay to the Project completion.

Page 3, Second paragraph –

Mr. Beers incorrectly states that the Lockhart Report only references one schedule and only NWC activities within the report. The Lockhart Report states that I reviewed numerous project documents including the "project schedules". In fact I reviewed all of the project schedule updates, including the recovery schedule prepared by Turner to show acceleration of the work to recover the NWC delays. Further, review of the Lockhart Report indicates other trades' activities were considered allowing 20 work days (28 calendar days) of additional time to NWC.

All of these project schedules were generated utilizing Primavera software which generates printouts of the schedules in accordance with the standards of the Critical Path Method and is a standard of the industry. The investigation and conclusions of the Lockhart Report are consistent with the CPM methodology used throughout the industry. The Lockhart Report is the result of an investigation that included a Critical Path analysis utilizing an As-planned to As-built methodology throughout the performance of the NWC work. Once the amount and timeframe of the delays were established, the responsibility for the delays were then assessed consistent with the contemporaneous documentation regarding all of the work, including daily reports, correspondence, the contracts, meeting minutes, etc.

There were subsequent events that delayed the completion of the project as well as an acceleration effort as documented by the recovery schedule. However, such events would not serve to either increase or decrease the number of days of delay chargeable to NWC. As stated in the Lockhart Report, NWC's work was on the project's critical path and therefore NWC's delays resulted in delays to the project completion.

Page 3, Fourth paragraph –

The "windows" as used within the Lockhart Report are used to logically present times of delay and causes of those delays in an easily understood manner. This method of presentation is used within the industry to explain delays determined by numerous scheduling methodology including the Impacted As-Planned Method, Collapsed As-built Method, Contemporaneous Time Impact Analysis Method and the As-Planned to As-Built Analysis Method. The "windows" method of presentation can be used in connection with any of the established methodologies noted above.

Page 5, Section D –

Mr. Beers cites the use of the 11 Oct. 2004 schedule as an error because it was not the baseline schedule, was significantly flawed and no consideration was given to the reasonableness of the schedule. Mr. Beers is wrong on all counts.

The first update schedule was used as the baseline to the performance of the NWC work because it took into account the prior delays to the project and started on the date of the NWC notice to proceed. Ironically, on page 7 of the Beers Rebuttal the Lockhart Report is criticized for not including these same delays. The Beers criticisms are baseless.

Page 8, Concurrency –

The Lockhart Report considered concurrency issues and the work of other contractors in the investigation. This consideration and analysis resulted in, among other things, the crediting of the 20 work days to NWC as shown in the last window of the Lockhart Report.

Page 11, Last paragraph,

The Beers Report claims that the Lockhart Report failed to consider project delays after NWC's work. Mr. Lockhart did consider these delays as may be caused by the Owner, the General Contractor, other subcontractors or vendors. These delays are not chargeable to NWC nor did they excuse NWC's prior delays.

Further, the Beers Rebuttal Report lists specific letters, schedule excerpts, claims to the Owner, and other correspondence with a statement that they were not considered in the investigation resulting in the Lockhart Report. The specific issues and letters within the Beers Rebuttal Report were investigated and considered prior to the issuance of the Lockhart Report. Special care was employed to carefully review files relevant to all subcontractors working during the time NWC was performing work as well as other documents generated during that timeframe including correspondence with the Owner, daily reports, meeting minutes.

Finally, you asked me to comment upon the report I prepared in the Costello Construction Co., v J.D. Long Masonry case. In that case, I was retained by counsel for JD Long Masonry to rebut a delay analysis by Costello's expert. That case involved delays to completion of an office building. Costello served a report claiming that JD Long Masonry was responsible for the delays. The criticisms I stated regarding the Costello report were relating to his failure to consider factual information upon which Costello reached its concussions. In this case, all relevant factual information necessary to determine the delays attributable to NWC was considered. The two (2) Lockhart reports are in no way inconsistent in approach in methodology.

Should you have questions, please call.

Very Truly Yours,

**Capital Construction Consultants, Inc.**

Robert M. Lockhart
Executive Vice President

3

# Hummel, Jeffrey

**From:** Hummel, Jeffrey
**Sent:** Monday, September 17, 2007 12:00 PM
**To:** 'sseeger@quagseeg.com'
**Subject:** NRECA Project -- Lockhart information

Steve: Please see the attached letter I received today from Mr. Lockhart. Please call with any questions. Jeff



Lockhart
:r.pdf (141 KB

Jeffrey M. Hummel
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.; Suite 500
Washington, D.C. 20006
Direct Tel: 202-828-5342
Main Tel: 202-463-2400
Fax: 202-828-5393
e-mail: jhummel@seyfarth.com

1